DECISION
{¶ 1} Relator, John W. Timson, has filed an original action in mandamus requesting this court to issue a writ of mandamus to order respondents, Arthur W. Sprankel, Commissioner of the Franklin County Veterans Service Commission, and David Bradley, Director of the Franklin County Veterans Service Commission, to provide him with documents which were the subject of a June 6, 2002 public records request.
 {¶ 2} This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Section (M), Loc.R. 12 of the Tenth District Court of Appeals, who rendered a decision including findings of fact and conclusions of law. (Attached as Appendix A.) After giving proper notice, the magistrate converted respondents' motion to dismiss into a motion for summary judgment and decided the requested writ of mandamus should be denied. Relator has filed objections to the magistrate's decision.
 {¶ 3} In his objections, relator essentially repeats the same arguments that were considered and rejected by the magistrate. Upon a review of the magistrate's decision and an independent review of the record, this court finds that the magistrate adequately addressed the arguments raised by relator in his objections and, for the reasons stated by the magistrate, this court overrules relator's objections. The requested writ of mandamus is denied.
Objections overruled, writ of mandamus denied.
TYACK and BROWN, JJ., concur.
 IN MANDAMUS ON MOTION FOR SUMMARY JUDGMENT {¶ 4} Relator, John W. Timson, has filed this original action requesting that this court issue a writ of mandamus ordering respondents to provide him with documents which were the subject of a June 6, 2002 public records request.
Findings of Fact:
 {¶ 5} 1. On June 25, 2002, relator filed the instant mandamus action requesting that respondents be ordered to supply him with documents identified in his June 6, 2002 request for public records.
 {¶ 6} 2. On August 2, 2002, respondents filed a motion for leave to file a motion to dismiss instanter. Along with the motion to dismiss, respondents attached the affidavit of David Bradley, Director of the Franklin County Veterans Service Commission. In that affidavit, Bradley identified a letter, dated July 9, 2002, addressed to relator in response to his June 6, 2002 public records request. Bradley indicated that the documents identified in the July 9, 2002 letter were sent to relator.
 {¶ 7} 3. Relator filed a memorandum contra to respondents' motion to dismiss and included an affidavit wherein he asserted that, although he received the July 9, 2002 letter, no documents were attached thereto.
 {¶ 8} 4. Respondents filed a reply memorandum again asserting that the documents had been sent to relator and respondents attached copies of the documents which they alleged they sent to relator.
 {¶ 9} 5. This magistrate converted the motion to dismiss to a motion for summary judgment and issued an order dated September 25, 2002. Respondents' motion for summary judgment was denied inasmuch as relator's affidavit indicated that a dispute existed as to whether relator had received the documents which respondents indicated they had sent to him.
 {¶ 10} 6. In an effort to resolve the dispute between the parties, this magistrate scheduled a prehearing conference for October 15, 2002. Respondents were ordered to bring copies of the documents allegedly sent to relator.
 {¶ 11} 7. As a result of the conference, respondents agreed to supply relator with certain other documents as well as an audiocassette of the June 12, 2002 meeting of the veterans service commission. Respondents continued to assert that they did not have nor ever received a January 2002 emergency request for funds from relator.
 {¶ 12} 8. Also on October 15, 2002, relator filed a motion requesting that this court find respondents in contempt and that he be granted summary judgment.
 {¶ 13} 9. By order dated October 15, 2002, this magistrate sua sponte denied relator's motion for summary judgment and noted that relator was given the opportunity to explain his perceived deficiencies with respondents' response to his public records request and that respondents had indicated a willingness to provide certain other documentation to relator as a result of discussions at the conference. Relator's request that respondents be held in contempt was denied as relator had not demonstrated by clear and convincing evidence that respondents were in contempt.
 {¶ 14} 10. On October 21, 2002, respondents filed the additional documents which they had indicated to relator that they would provide him and respondents also mailed copies of those documents to relator. Respondents' filing complies with the agreement which was reached at the October 15, 2002 conference.
 {¶ 15} 11. The matter is now before the magistrate to determine whether respondents are entitled to summary judgment as a matter of law.
Conclusions of Law:
 {¶ 16} The Supreme Court of Ohio has set forth three requirements which must be met and established in a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondents are under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. State ex rel. Berger v. McMonagle (1983),6 Ohio St.3d 28.
 {¶ 17} A motion for summary judgment requires the moving party to set forth the legal and factual bases supporting the motion. To do so, the moving party must identify portions of the record which demonstrate the absence of a genuine issue of material fact. Dresher v. Burt (1996),75 Ohio St.3d 280. Accordingly, any party moving for summary judgment must satisfy a three-part inquiry showing: (1) that there is no genuine issue as to any material fact; (2) that the party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, which conclusion is adverse to the party against whom the motion for summary judgment is made. Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64.
 {¶ 18} In accordance with Civ.R. 56(E):
 {¶ 19} "* * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party."
 {¶ 20} In the present case, respondents have asserted that they have supplied relator with all documents in the possession of respondents which relate to relator's June 6, 2002 public records request. At the conference held on October 15, 2002, relator clarified his June 6, 2002 request for public records and asked respondents to submit additional documents. On October 21, 2002, respondents attached all of the additional documentation which relator requested and answered the additional questions which relator had posed to respondents during the conference. Respondents continued to assert that their office never received a January 2002 emergency request for funds from relator and, as such, respondents are unable to provide relator with a copy of his January 2002 request for emergency funds or any documentation that would indicate that respondents had investigated whether relator was entitled to those funds or not. Relator has come forward with no evidence to establish that respondents have any such documentation in their possession. As such, there is no genuine issue as to any material fact. Respondents have provided the documents which are in their possession and respondents are entitled to judgment as a matter of law.
 {¶ 21} Based on the foregoing, this magistrate finds that respondents have complied with relator's June 6, 2002 public records request by supplying relator with that documentation which is in the possession of respondents. Inasmuch as relator has not established that respondents have any additional documentation which respondents are refusing to provide him, it is this magistrate's decision that respondents are entitled to judgment as a matter of law, and summary judgment should be granted for respondents.